**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SERGIO G. CASTANEDA VAZQUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-914-J** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Sergio Castaneda Vazquez, a noncitizen[1] and citizen of Mexico, proceeding with counsel, filed a Petition for Writ of Habeas Corpus challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Petitioner also filed a Motion for Expedited Processing and Temporary Restraining Order. *See* ECF Nos. 12 & 13.[2] United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 8).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] If the Court adopts this recommendation, these motions should be terminated as moot.

## I. BACKGROUND AND PETITIONER'S CLAIMS

Petitioner, a citizen of Mexico, entered the United States in 2009 and has lived in this country since that time. (ECF No. 1:6). On April 17, 2026, Immigrations Customs and Enforcement (ICE) officials detained Petitioner and he is presently detained in the Diamondback Correctional Facility. (ECF No. 1:6).[3] Petitioner asserts a violation of the INA, as well as violations of Due Process. (ECF No. 1:11-14). Petitioner asks the Court to immediately release him, or, in the alternative to order Respondents to provide him with a bond hearing. (ECF No. 1:15). Finally, Petitioner requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (ECF No. 1:15).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States

---

[3] *See* https://locator.ice.gov/odls/#/results (last visited July 9, 2026).

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

The parties' dispute boils down to whether Petitioner qualifies as an "arriving alien" subject to mandatory detention under Section 1225 or not. When Petitioner was arrested in 2026, he was apprehended in the interior of the country and had been living in the United States for approximately 17 years. *See supra*. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." On June 30, 2026, the Tenth Circuit Court of Appeals decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026

WL 1876709. There, the court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances. *See also Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (under § 1225(b)(1) "someone arriving in the United States is someone who has reached the border or a port of entry" and "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen arriving in the United States." (citation modified). As such, Petitioner's current detention is not governed by § 1225(b)(1).

Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.[5] As such, and because Petitioner

[5] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026);

has not been granted the bond hearing provided in that statute, he has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.

## IV. PETITIONER'S REMAINING CLAIMS

As stated, Petitioner has also alleged two violations of Due Process. First, he alleges his current detention without a bond hearing violates Due Process and second, he alleges that if a bond hearing is granted, the imposition of an "excessive bond" amount would constitute a "constructive denial of bond" in violation of Due Process. *See* ECF No. 1:12-14.

If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g., Moreta-Mateo v. Warden, Diamondback Correctional Facility,* 2026 WL 1822994, at *1 (W.D. Okla. June 24, 2026) ("Because the Court grants Petitioner relief under the INA, it declines to address her constitutional claim.").

In the second Due Process claim, Petitioner argues that if the Court orders a bond hearing under § 1226, the Court must ensure the immigration Judge (IJ) complies with due process by ordering the IJ to: (1) consider Petitioner's ability to pay when setting the bond amount, (2) ensure that any bond is reasonably calculated, (3) consider less

---

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

restrictive alternatives to detention, and (4) articulate specific findings. (ECF No. 1:14).

The undersigned recommends that the Court decline to address this additional claim for relief. First, the claim is unripe, as the Court cannot adjudicate a future due process violation based on a speculatory bond amount. *See United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) ("Thus, a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation modified)). Second, the undersigned questions whether the Court would have jurisdiction to review such a claim of excessive bond. By statute, "the Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "no court may set aside any action or decision by the Attorney General under this section regarding the ... denial of bond or parole" of any noncitizen. 8 U.S.C. § 1226(e) (citation modified); *see also Pelletier v. United States*, 653 F. App'x 618, 622 (10th Cir. 2016) ("To the extent that [petitioner] seeks modification of or release from the conditions of his bond, 8 U.S.C. § 1226(e) expressly bars judicial review ....").

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **July 16, 2026**. If a party wishes to respond to the other party's objections, such response must be filed not later than **July 20, 2026**. *See id.* The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on July 9, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE